UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61586-CIV-COHN/SELTZER

JANET HOLLOWAY,

    Plaintiff,

v.

ROCCHIO TUNNEL MARKETPLACE
ENTERPRISES, LLC d/b/a Valentino
Cucina Italiana, and GIOVANNI
ROCCHIO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Corrected Motion for Summary Judgment [DE 36] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response [DE 48], Defendants' Reply [DE 39], materials submitted in support of and opposition to the Motion, and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.

### I.  BACKGROUND

Plaintiff Janet Holloway brings this action against Defendants Rocchio Tunnel Marketplace Enterprises, LLC d/b/a Valentino Cucina Italiana ("Valentino") and Giovanni Rocchio, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110. See DE 13. Plaintiff worked as a server at Valentino, a restaurant owned by Rocchio. DE 37 ¶ 1; DE 37-1 ¶ 1. The operative Amended Complaint alleges that Defendants required Plaintiff to contribute to a tip pool that included employees who do no customarily

receive tips, thereby depriving Plaintiff and other customarily tipped employees from retaining all tips that they contributed to the tip pool.[1] DE 13 ¶ 11. Specifically, Plaintiff alleges that Defendants required her to participate in a tip pool from which five percent was paid to management. DE 44 ¶ 25. Plaintiff identifies Karen Fasanelli, Cristian Licciardi, Stephan Cole, and Natina Rocchio as the managers who received tips from this pooling arrangement. DE 37 ¶ 8; DE 44 ¶ 8.

Defendants admit that these four individuals performed some supervisory duties as "day managers" before the restaurant opened to customers at 6:00 p.m. DE 49 ¶ 28. However, Defendants claim that the four individuals worked as hosts, maître d's, and/or wine stewards during the restaurant's "dinnertime hours." DE 37 ¶¶ 10–11. Although disputed by Plaintiff, Defendants maintain that neither Karen Fasanelli, Cristian Licciardi, Stephan Cole, nor Natina Rocchio had any ability to hire or fire employees, discipline employees, exercise "meaningful authority or control over subordinates," conduct performance evaluations, determine employees' work schedules, or determine an employee's compensation. DE 37 ¶ 12; DE 44 ¶¶ 32–35, 38. Accordingly, Defendants move for summary judgment on the basis that Plaintiff has failed to prove that ineligible employees participated in the tip pool.

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial

---

[1] The Amended Complaint also alleges that from June 2013 to approximately November 2014, Plaintiff was required to work two hours a week assisting with the opening and closing the restaurant and was improperly paid minimum wage with a tip credit reduction for this work. DE 13 ¶ 12. However, Plaintiff has since withdrawn that portion of her claim. See DE 48 at 2 n.1.

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).  Therefore, the nonmoving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the nonmoving party. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

#### A. Evidence Considered

As a preliminary matter, the Court must address the evidence appropriately considered in assessing Defendants' Motion.  Federal Rule of Civil Procedure 56(e) provides that when affidavits are used to support or oppose a summary-judgment

3

motion, they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  The Court may only consider relevant evidence, meaning "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402.  To the extent that any affidavit or deposition testimony is hearsay, the court may not consider it for summary-judgment purposes unless it would otherwise be admissible at trial.  Macuba v. Deboer, 193 F.3d 1316, 1323–24 (11th Cir. 1999); see also Fed. R. Evid. 801(c) ("'Hearsay' is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). "When an affidavit submitted in support of, or opposition to, a motion for summary judgment contains inadmissible evidence, the court may strike the inadmissible portions of the affidavit and consider the rest."  Gaston v. Home Depot USA, Inc., 129 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001), aff'd, 265 F.3d 1066 (11th Cir. 2001) (citation omitted).

      The Court may also exclude evidence not properly disclosed to the opposing party.  In Rule 26 initial disclosures, a party must identify "each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  Rule 37(c)(1) governs sanctions for failing "to provide information or identify a witness as required by Rule 26(a)" and precludes a non-disclosing party from using "that information or witness

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In determining whether the failure to disclose was substantially justified or harmless, the Eleventh Circuit considers: (1) the non-disclosing party's explanation for its failure to disclose; (2) the importance of the information; and (3) any prejudice to the opposing party if the information is admitted.  Romero v. Drummond Co., 552 F.3d 1303, 1321 (11th Cir. 2008).

### 1. Plaintiff's Evidentiary Challenges

Plaintiff raises multiple challenges to the affidavits submitted in support of Defendants' Motion.  First, Plaintiff argues that the affidavits should be excluded because, although Defendants disclosed the identities of the witnesses, Defendants failed to state the witnesses' area of relevant knowledge in response to Plaintiff's interrogatories or in any Rule 26 disclosure.  See DE 48 at 8–10.  Defendants do not deny or provide an explanation for this shortcoming, but instead emphasize that they provided Plaintiff with the names and contact information of the witnesses who submitted affidavits.  See DE 49-2.  The Court cannot conclude that Defendants' failure to disclose the nature of the testimony is justified without an explanation.  Nevertheless, it finds that the nondisclosure is harmless given the importance of the testimony and the minimal prejudice to Plaintiff.  With limited exception, the information contained in the affidavits is important for establishing the scope of key employees' responsibilities, and therefore whether their payment from the tip pool was appropriate.  Plaintiff is also unlikely to be substantially prejudiced by the Court's consideration of the otherwise admissible portions of the affidavits because Plaintiff was timely provided with the

witnesses' identities and contact information, had the opportunity to depose them, and could reasonably anticipate the nature of their testimony. Furthermore, it does not appear that the nondisclosure was in bad faith.

Next, Plaintiff seeks the exclusion of statements about "industry standards," because Defendants have not designated any expert witnesses. Plaintiff also claims that certain affidavits contain information that is irrelevant, inadmissible hearsay, or not based on the witness' personal knowledge. See DE 48 at 10–14. Upon careful review, the Court finds that only the Affidavits of Julien Romero and James Carrol must be excluded in their entirety. The contents of the Romero and Carrol Affidavits are limited to tip pool standards in the restaurant industry, yet these witnesses were not designated as experts on this subject. For the remainder of the affidavits, the Court has determined the admissibility of particular statements on an individual basis and incorporated them, if appropriate, into the statement of the facts and analysis of the case, with all ambiguities and doubts resolved in favor of the Plaintiff.

**2. Defendants' Evidentiary Challenges**

Defendants argue that Exhibits 1C (Decision of Appeals Referee), 1D (Valentino's Appeal), and 1E (Order of Reemployment Assistance Appeals Commission) to Plaintiff's Response should be excluded as overly prejudicial and lacking in probative value. See DE 49 at 6–7. The Court agrees. Exhibits 1C, 1D, and 1E describe Plaintiff's reasons for leaving Defendants' employment, her professional relationship with Defendant Rocchio, and her entitlement to employment benefits. Such matters are not relevant to Plaintiff's FLSA and state-law minimum-wage claims, and therefore Exhibits 1C, 1D, and 1E have been excluded for purposes of this Order.

B. **<u>Validity of "Tip Pool"</u>**

The Court now turns to the merits of Defendants' Motion. In general, the FLSA requires employers to pay all employees a specified minimum wage. However, employers may pay "tipped employees" a reduced minimum wage, so long as the employer supplements the difference with the employee's tips. 29 U.S.C. § 203(m). A tipped employee is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). The difference between the standard minimum wage and the reduced minimum wage paid to tipped employee is known as the "tip credit." <u>Goldin v. Boce Grp., L.C.</u>, 773 F. Supp. 2d 1376, 1377–78 (S.D. Fla. 2011) (citation omitted).

An employer need only satisfy two prerequisites in order to claim the tip credit: (1) the employer must inform the employee that the employee will be paid the reduced minimum wage; and (2) all tips received by the employee must be retained by the employee. 29 U.S.C. § 203(m); <u>Goldin</u>, 773 F. Supp. 2d at 1379. Although all tips received by the employee must be retained by the employee, the pooling of tips for later redistribution among the tipped employees qualifies as "retention." <u>See</u> 29 U.S.C. § 203(m) (noting that the prerequisites "shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips"). However, "[i]f the tip pool is distributed among non-tipped employees, then the tips are not 'retained by the employee,' and the tip credit is invalid." <u>Palacios v. Hartman & Tyner, Inc.</u>, No. 13-CIV-61541, 2014 WL 7152745, at *3 (S.D. Fla. Dec. 15, 2014) (citations omitted). The FLSA also limits "any person acting directly or indirectly in the interest of an employer in relation to an employee" from retaining tips. 29 U.S.C. § 203(d) (defining "employer").

The Florida law on "tip credit" is the same as that of the FLSA.  See Fla. Const. Art. 10 § 24; Fla. Stat. § 448.110; Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1348 (S.D. Fla. 2008), aff'd, 302 F. App'x 905 (11th Cir. 2008).

A position is indisputably one that "customarily and regularly" receives tips for purposes of § 203(t) if there is sufficient evidence that the employee is routinely tipped by patrons.  Palacios, No. 13-CIV-61541, 2014 WL 7152745, at *6.  However, "under circumstances where the challenged position's tips stem from the tip pool itself, or where no evidence of direct tipping has been presented, a Court may need to go further in order to ascertain whether the position is one which customarily and regularly receives tips." Id.  In such circumstances, the question becomes "whether the employee performs important customer service functions, i.e. does the employee have more than *de minimis* service interaction with customers."  Wajcman v. Inv. Corp. of Palm Beach, No. 07-80912-CIV, 2008 WL 783741, at *3 (S.D. Fla. Mar. 20, 2008) (citations omitted).  "[T]he inquiry properly looks to both the quantity and quality of customer interaction."  Id. at *4.  Quality may include the extent to which the position involves "the exchange of pleasantries or provision of personal services that ordinarily evokes tipping generosity." Id.  For example, a restaurant host or maître d' may be a "tipped employee" for purposes of a tip pool, even when the employee receives no tips directly from customers.  See Kilgore v. Outback Steakhouse of Fla., Inc., 160 F.3d 294 (6th Cir. 1998); Dole v. Cont'l Cuisine, Inc., 751 F. Supp. 799 (E.D. Ark. 1990).

An employee who performs both tipped and non-tipped duties may be considered a tipped employee if the duties are sufficiently related.  If the duties are not

sufficiently related, the employee is said to have "dual jobs." Section 531.56(e) of Title 29 Code of the Federal Regulation sets forth the following guidance on dual jobs:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e).

The parties do not dispute that Plaintiff was a tipped employee and that she received notice of her reduced wages. Rather, the parties' dispute whether the participation of four employees—Stephen Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio—in the tip pool was proper. Plaintiff claims that these individuals are managers, not tipped employees, and therefore their inclusion in the tip pool deprived her of effectively retaining her tips. Defendants do not dispute that these four individuals participated in the tip pool, at least on certain occasions. Instead, Defendants contend that the four employees were not "managers" in the sense that they could be classified as "employers" under the FLSA; that they served primarily as hosts, wine stewards, or maître d's, which are positions that customarily and regularly receive tips; and that therefore their participation in the tip pool was lawful.

The Court finds that genuine issues of material fact exist at this stage of the litigation such that summary judgment is not warranted. First, there is conflicting

9

evidence as to whether Defendants had a policy of reserving five percent of the tip pool for management.  Second, it remains disputed whether Stephen Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio are properly categorized as managers, because the parties have submitted conflicting evidence as to the amount and type of authority that they exercised over other employees.  Finally, there is strong evidence that Stephen Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed duties as hosts, wine stewards, and/or maître d's, and that such positions are properly classified as tipped employee positions.  But because the parties have provided inconsistent evidence regarding the duties that these individuals actually performed, it is unclear whether their "day manager" and supervisory duties were merely incidental to their positions as tipped employees or whether they had dual jobs.  Because genuine disputes as to material facts remain, the Court must deny Defendants' Motion.

## IV.    CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Corrected Motion for Summary Judgment [DE 36] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of January, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF