UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61586-COHN/SELTZER

JANET HOLLOWAY,

    Plaintiff,

ROCCHIO TUNNEL MARKETPLACE
ENTERPRISES, LLC d/b/a VALENTINO
CUCINA ITALIANA, and GIOVANNI
ROCCHIO, individually,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE,
MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER DATED JANUARY 22, 2016**

Defendants Rocchio Tunnel Marketplace Enterprises, LLC d/b/a Valentino Cucina Italiana ("Valentino") and Giovanni Rocchio ("Rocchio"), seek clarification of the Court's Order denying Defendants' motion for summary judgment [D.E. 51] (the "Summary Judgment Order"), or in the alternative, in accordance with Rule 59(e), Federal Rules of Civil Procedure, seek reconsideration of the Court's Summary Judgment Order and in support thereof state:

**Background**

1.    On January 22, 2016, the Court issued its Summary Judgment Order denying Defendants' motion.

2.    As basis therefore, the Court ruled that:

> [G]enuine issues of material facts exist at this stage of the litigation such that summary judgment is not warranted. First, there is conflicting evidence as to whether Defendants had a policy of reserving five percent of the tip pool for management. Second, it remains disputed whether Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio are properly categorized as managers, because the parties have submitted conflicting evidence as to the amount and type of authority that they exercised over

        other employees.  Finally, there is strong evidence that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed duties as hosts, wine stewards, and/or maître d's, and that such positions are properly classified as tipped employee positions.

3.      The Court did not rule on the claim raised in Plaintiff's amended complaint, which she abandoned, that sought damages related to her allegation that she was not paid the full minimum wage rate during the two hours each week she was required to "assist with opening and closing" Valentino at the tip credit minimum wage rate.

### Argument

**I.    Summary judgment should have been granted in part on the claim Plaintiff abandoned**.

There are four basic grounds upon which a district court may grant a Rule 59(e) motion: (1) to correct manifest errors of law or fact upon which judgment was based; (2) to present newly discovered evidence; (3) to prevent manifest injustice; or (4) to give effect to an intervening change in controlling law. *See Sabatier v. Suntrust Bank*, 2008 WL 108796, *1 (Jan. 4, 2008) (citing Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1 (West 1995)).

Paragraph 12 of Plaintiff's amended complaint alleges she spent two hours each week performing non-server duties "opening and closing" Valentino at the tip credit minimum wage rate. Defendants' summary judgment motion argued, among other things, that Plaintiff's claim should be dismissed because: (1) she never performed such duties; and (2) even if she did perform such duties, based on her own admission that those duties only took two hours of her time each week and given that she never worked less than ten hours during the alleged time period, such duties were incidental to her duties as a server and thus, she was properly paid the minimum wage rate, less the tip credit for those hours [D.E. 36 at 14-17].

In Plaintiff's response in opposition to the summary judgment motion, Plaintiff conceded that Defendants were correct and withdrew her claim [D.E. 48 at 2 footnote 1]. Defendants addressed the abandonment of Plaintiff's claim in their Reply [D.E. 49 at 1-2], but the same was not addressed nor ruled upon by the Court in the Summary Judgment Order. However, because Plaintiff stated she was abandoning her claim related to the time she spent assisting with "opening and closing" Valentino, respectfully, summary judgment should have been granted (at least in part) and an order entered precluding Plaintiff from seeking any damages related to that portion of her claim as it was withdrawn.

## II.   Summary judgment should have been granted on Plaintiff's remaining claims.

Plaintiff's remaining claims concern the validity of Defendants' tip pool. Plaintiff alleges five percent of the tip pool was paid to management. That five percent which Plaintiff disputes and claims was paid to management was paid to Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio for performing tipped duties such as hosts, wine stewards, and/or maître d's. Plaintiff claims that these employees were management and therefore should not have participated in the tip pool. Defendants do not dispute that these individuals participated in the tip pool. Moreover, while Plaintiff claims five percent of the tip pool was reserved for management, a review of the tip pool records attached to her response in opposition to Defendants' summary judgment motion show that these individuals were paid five percent of the tip pool when they participated in it – not that five percent was reserved exclusively for management. There was no taking or hold back of five percent of the tip pool to distribute to management. Rather, as stated and as shown by the tip pool records, Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio received five percent of the tip pool when they performed tipped duties.

As noted in the Summary Judgment Order, "there is strong evidence that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed duties as hosts, wine stewards, and/or maître d's, and that such positions are properly classified as tipped employee positions." However, in denying Defendants' motion, the Court found that the parties "provided inconsistent evidence regarding the duties that these individuals actually performed" and it was "unclear whether their 'day manager' and supervisory duties were merely incidental to their positions as tipped employees or whether they had dual jobs." Defendants respectfully suggest that under either scenario if Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio held dual jobs or if their duties as "day managers" or supervisory duties were merely incidental to their positions as tipped employees, their participation in the tip pool would not invalidate it.

**Holding dual jobs or performing supervisory duties incidental to tipped duties does not invalidate Valentino's tip pool.**

Assuming arguendo, Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed "day manager" and supervisory duties and also performed the duties of hosts, wine stewards, and/or maître d's (as tipped employees) (in other words, they held dual jobs), they were permitted to participate in the tip pool. *See Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872 (8th Cir. 2011) (citing 29 C.F.R. § 531.56(e) (if an employee works two jobs, one which customarily and regularly produces tips and one that does not, the employee must be considered to be employed in two occupations, such that the tip credit may not be taken for hours of employment worked in the occupation not subject to tips but may be taken for those hours of employment worked in an occupation that is subject to tips)). The validity of a tip pool only requires the participation of employees that customarily and regularly receive tips and the Court found that hosts, wine stewards, and/or maître d's are tipped employees. Therefore, as hosts, wine stewards,

4

and/or maître d's, Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio could participate in the tip pool without invalidating it.

Even if the Court found that these were tipped employees who performed supervisory duties incidental to their positions as hosts, wine stewards, and/or maître d's, as long as those supervisory duties did not amount to more than twenty percent of their time, their participation in the tip pool would not invalidate it. *See id.* at 881 (employees may be paid the tip wage rate as long as the non-tipped duties do not consume more than twenty percent of the employees' time) (*Pellon v. Bus. Representation Int'l, Inc.*, 528 F.Supp.2d 1306, 1313 (S.D. Fla. 2007) (where related duties are performed intermittently and as part of the primary occupation, the duties are subject to the tip credit).

Accepting as true that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed the duties Plaintiff claimed in addition to those duties as hosts, wine stewards, and/or maître d's (as the Court found), the duties identified by Plaintiff are simply non-tipped duties – they are not duties that would preclude Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio from participating in the tip pool as long as those non-tipped duties did not occupy more than twenty percent of their time.

Indeed, the duties identified by Plaintiff could not possibly have occupied more than twenty percent of their time for the following reasons: (1) a server's inquiry about time off would happen infrequently at best and even if it occurred with regularity, the same would not occupy more than a few minutes of time each week; (2) closing the restaurant based on Plaintiff's own allegations related to her withdrawn claim only accounted for two hours of work each workweek but those two hours also included opening the restaurant.  Assuming it took approximately the same amount of time to open Valentino as it did to close it, closing Valentino would only

account for one hour of work per week; (3) collecting and filling out paperwork concerning server reports, tips, and distribution could only occur during the closing of Valentino and based on the aforementioned, only accounted for about an hour of time per week.  Further, it does not take multiple employees to perform such duties and if all or some performed the paperwork duties, it would take even less time; (4) deciding which server worked at a particular station would take very little time.  Valentino is a small restaurant with only fifteen to twenty tables, this duty could be performed in less than five minutes and certainly no more than ten; (4) preparing seating charts is also a task that takes nominal time given that there are only fifteen to twenty tables; (5) server inquiries about scheduling and the operation of Valentino also accounted for very little time as Plaintiff stated "as long as" she "worked there, there was never a schedule written or posted, it was just understood" [D.E. 37 at 2].  Without a schedule, the only time this would be an issue or take up any additional time would be when someone was scheduled but did not show, called off from work last minute, or there was a problem – such duties could not have amounted to more than five to ten minutes of time each week; (6) pre-service meetings could not have taken more than two hours per week because according to Plaintiff's allegations, she spent only two hours per week performing non-server duties.  Since Plaintiff was present at these meetings, and she claims she spent two hours per week assisting "opening and closing" Valentino and these duties were part of "opening," arguably such duties accounted for no more than one hour of time per week and likely less; and (7) customer complaints would not occur with frequency but when there was such a complaint or when a customer wanted to speak with a manager, Plaintiff said she directed the customer to Stephan Cole, Kerry Fasanelli, Christian Licciardo, or Natina Rocchio.  These interactions with the customers would not account for much time and certainly no more than ten to fifteen minutes each week.

Accepting everything Plaintiff stated in her response as true, the additional duties identified by Plaintiff allegedly performed by Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio would take approximately three hours per week.  Even if these duties took five hours per week, the same would remain less than twenty percent of their time.  In other words, because Valentino was open to customers for thirty-two hours each week, these non-tipped duties would have to account for more than 6.4 hours of their time each week to exceed the twenty percent threshold.  Given Plaintiff's own estimate of how much time was spent "opening and closing" Valentino (two hours), the remaining duties could not possibly account for more than four hours.  To the contrary, such duties would only account for approximately one to two hour's worth of time each week.  As such, if those additional duties described by Plaintiff were incidental to their tipped duties, the tip pool was valid because those additional duties did not exceed the twenty percent threshold.

The only remaining way for the tip pool to be invalidated, is for the Court to find that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were exempt under the FLSA as "employers."  The fact that Plaintiff only refers to them as managers is of no consequence as a job title alone is insufficient to establish the exempt status of an employee.  *See* 29 C.F.R. § 541.2.

### Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were not "employers."

For Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio to be deemed "employers" and accordingly disqualified from participating in the tip pool they had to: (1) have the actual authority to hire and fire employees; (2) supervise and control employee work schedules or conditions of employment; (3) determine rate and method of payment; and (4) maintain employment records.  *See Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990); *see*

*also Dole v. Cont'l Cuisine, Inc.*, 751 F.Supp. 799 (E.D. Ark. 1990) (looking at factors such as control of hiring and firing, control of manner in which work is performed, and the fixing of wages to determine who is the "employer").

While Plaintiff disputed that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio did not perform those duties, she cited no evidence to support that other than her own conclusory statements. All current and former employees state that those duties were performed by Rocchio. Additionally, Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio state that they did not perform any of those duties and Rocchio confirmed that he did.[1] Plaintiff simply disputed it and stated that Kerry Fasanelli and Christian Licciardo signed and provided her with a notice of suspension and that Stephan Cole said that five percent of the tip pool would be paid to management (i.e., Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio). These statements do not provide the Court with evidence showing that genuine material issues of fact remain.

Providing a suspension form, signing it, and telling Plaintiff five percent of the tip pool would be paid to management (i.e., Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio), does not show that "employer" duties as delineated in *Watson* and *Dole* were performed by Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio. None of those statements show that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio had the authority to hire and fire. At best, it shows that at least Kerry Fasanelli and Christina Licciardo had the authority to distribute a suspension form and sign it. It does not even show that it was their decision to suspend Plaintiff. None of those statements show Stephan

---

[1] Defendants should not be forced to settle a border-line frivolous claim that has no merit or be forced to incur the costs of trial simply because Plaintiff incorrectly believes wine stewards, hosts, and maître d's cannot participate in a tip pool. Indeed, other than Plaintiff, there will be no witnesses called on her behalf that support her conclusory and baseless allegations.

Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio supervised and controlled employees' schedules and conditions of employment. In fact, Plaintiff agreed "there was never a work schedule written or posted, it was just understood [D.E. 37-3 at 2] and "because we're all adults" [D.E. 37-3 at 3] there was no reason for any of them [Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio] to control the conditions of employment. None of these statements show Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio determined rate and method of payment nor do they show they maintained employment records. Notwithstanding the aforementioned, all current and former employees, with the exception of Plaintiff, maintain that Rocchio performed these duties, which Rocchio admits.

A party opposing summary judgment cannot rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial. *See Cargo v. Ala. Bd. of Pardons and Parole Div.*, 391 Fed. Appx. 753, 754 (11th Cir. 2010); *see also Leigh v. Warner Bros.*, 212 F.3d 1220, 1217 (11th Cir. 2000) (unsupported conclusory statements have no probative value in opposing summary judgment – one who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial); *U.S. v. $705,270.00 in U.S. Currency,* 820 F.Supp. 1398, 1403 (S.D. Fla.1993) (conclusory, self-serving affidavits will not suffice to defeat an otherwise well-supported motion for summary judgment); *Lauzon v. Joseph Ribkoff, Inc.*, 77 F.Supp.2d 1250, 1254 (S.D.Fla.1999) (finding other affidavits outweighed non-movant's self-serving affidavit); *McGee v. Coca Cola Bottling Co. Consol.*, 93 Empl. Prac. Dec. P 43987 (M.D. Ga. 2010) ("The law states that Plaintiff may not defeat summary judgment by relying on non-supportive affidavits or bare and self-serving allegations"); *Discovery Sun P'ship, Ltd. v. Kapsomenakis,* No. 95–1068–CIV, 2000

WL 1881203, *4 (S.D. Fla. June 21, 2010) (a non-movant's own self-serving affidavit is insufficient to defeat a moving party's motion for summary judgment).

Based on the foregoing, Defendants seek clarification of the Summary Judgment Order, on in the alternative reconsideration of it.  The evidence presented to the Court showed that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed duties as wine stewards, hosts, and/or maître d's duties, which Plaintiff does not dispute.[2]  Assuming they performed such duties (and there is "strong evidence" of same), the question left by the Court was whether their "day manager" or supervisory duties were incidental to their positions as tipped employees or whether they held dual jobs.  The evidence before the Court on summary judgment showed Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio had dual jobs or performed non-tipped duties incidental to their positions as tipped employees, which accounted for less than twenty percent of their time during the hours Valentino was open to customers for business.  Under either scenario, Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were properly included in the tip pool.  The tip pool would only be invalid if the tipped duties were incidental to the non-tipped duties (which the Court did not find) or if Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were "employers."  The Plaintiff's evidence opposing summary judgment identified non-tipped or "supervisory" duties allegedly performed by Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio.  These duties, as demonstrated above, could not possibly have accounted for more than twenty percent of their time.  In other words, if Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio performed duties as wine stewards, hosts, and/or maître d's and the duties identified by Plaintiff in response, their participation in the tip pool would not

---

[2] Plaintiff only stated Kerry Fasanelli did not perform wine steward duties for her tables not that she did not perform such duties nor could she make that claim.

invalidate it. Furthermore, Plaintiff did not provide the Court with opposing affidavits providing specific facts that show Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were "employers." To the contrary, the only evidence before the Court showed that they were not. As such, Plaintiff's remaining claims should be dismissed with prejudice.

## Conclusion

Since Plaintiff abandoned her claim that she was improperly paid for her alleged non-server duties "opening and closing" Valentino, summary judgment should have been granted (at least in part) as to that claim and an order entered precluding Plaintiff from seeking damages related thereto. Further, since the evidence before the Court showed Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were not "employers" and because their participation in the tip pool would not have invalidated it if they performed wine steward, host, and/or maître d duties incidental to their "day manager" or supervisory duties or if they held dual jobs (and participated in the tip pool by reason of their tipped job), Plaintiff's remaining claims should be dismissed with prejudice.

WHEREFORE, Valentino and Rocchio request that this Court grant their motion as well as all other relief deemed just and proper.

## Certificate of Conference

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein but was unable to do so.

## CERTIFICATE OF SERVICE

We hereby certify that this Motion was served by CM/ECF this 1st day of February 2016, on Jennifer Daley, Esq. and William Robert Amlong, Esq., AMLONG & AMLONG, P.A. 500

Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154, jdaley@theamlongfirm.com and wramlong@theamlongfirm.com Attorneys for Plaintiff.

Counsel for Defendants

*/s/  Jamie B. Dokovna*
Scott A. Mager
Florida Bar No. 768502
Service@MagerParuas.com; Patty@MagerParuas.com;
MAGER PARUAS, LLC
2719 Hollywood Boulevard ▪ First Floor
Hollywood Florida 33020 • (954) 763-2800

BECKER & POLIAKOFF, P.A.
Jamie Dokovna, Esq. Jdokovna@bplegal.com
Fla. Bar No. 592722
Becker & Poliakoff, P.A.
625 N Flagler Dr. – 7th Floor
West Palm Beach, FL 33401-4025 ▪ (561) 655-5444

ACTIVE: R22992/373939:8084629_1