UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61586-CIV-COHN/SELTZER

JANET HOLLOWAY,

    Plaintiff,

v.

ROCCHIO TUNNEL MARKETPLACE
ENTERPRISES, LLC d/b/a Valentino
Cucina Italiana, and GIOVANNI
ROCCHIO,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION FOR CLARIFICATION**

**THIS CAUSE** is before the Court upon Defendants' Motion for Clarification, or in the Alternative, Motion for Reconsideration of the Court's Order Dated January 22, 2016 [DE 53] ("Motion").  The Court has reviewed the Motion, Plaintiff's Response [DE 58], Defendants' Reply [DE 59], and the record in this case, and is otherwise advised in the premises.  For the reasons discussed herein, the Court will grant in part and deny in part the Motion.

### I.     BACKGROUND

This action arises out of a dispute between Plaintiff Janet Holloway and her former employer, Defendant Rocchio Tunnel Marketplace Enterprises, LLC d/b/a Valentino Cucina Italiana ("Valentino"), and its owner/chef, Defendant Giovanni Rocchio, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110.  See DE 13.  Plaintiff alleges that Defendants' tip-pool arrangement, in which she was required to participate

as a server, included employees who did not customarily receive tips and were members of management.  Id. ¶ 11; DE 37 ¶ 8; DE 44 ¶ 8.

The Court's Order dated January 22, 2016 [DE 51], denied Defendants' Corrected Motion for Summary Judgement [DE 36], finding that disputes of material fact remained as to whether Defendants had a policy of reserving five percent of the tip pool for management and the extent of the authority and responsibilities of four employees—Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio—who participated in the pool.  The Court also noted Plaintiff's voluntary abandonment of her claim that she was required to assist with the opening and closing of the restaurant at the minimum wage rate with a tip credit reduction.  See DE 51 at 2 n.1.  However, the Court did not enter judgment on that claim.  Defendants now ask the Court to grant summary judgment on Plaintiff's abandoned claim and reconsider its denial of summary judgment on Plaintiff's claims regarding the tip pool.  See DE 53.

## II.     LEGAL STANDARD

There are three grounds which justify the filing of a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004); see also Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).

### III. DISCUSSION

#### A. Abandoned Claim

When a plaintiff abandons a claim at the summary-judgment stage, the moving defendant may be entitled to summary judgment as to those claims. See, e.g., Vinson v. Dep't of Corr., Fla., 672 F. Supp. 2d 1247, 1261 (N.D. Fla. 2009); Jacobs v. Elec. Data Sys. Corp., No. 2:05CV925-MHT, 2006 WL 3742202, at *1 (M.D. Ala. Dec. 18, 2006); Hogan v. City of Montgomery, No. 2:05-CV-687-WKW, 2006 WL 3052997, at *4 (M.D. Ala. Oct. 26, 2006); Fitzhugh v. Topetzes, No. COV/A/1:04CV3258RWS, 2006 WL 2557921, at *2 (N.D. Ga. Sept. 1, 2006). In her Response to Defendants' Corrected Motion for Summary Judgment, Plaintiff expressly and voluntarily abandoned her claim for unpaid wages during the two hours per week that she spent opening and closing the restaurant. DE 48 at 2 n.1. The Court has reviewed the record and the authorities cited by Defendants in support of their Corrected Motion for Summary Judgment and is satisfied that summary judgment is appropriate as to the abandoned claim. See Fed. R. Civ. P. 56. Accordingly, the Court grants summary judgment in favor of Defendants on Plaintiff's abandoned claim regarding wages for opening and closing the restaurant, and Plaintiff shall be precluded from seeking damages related to said claim.

#### B. Tip Pool Claim

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The [initial] burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). After the movant has met its burden

under Rule 56(a), the burden of production shifts to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Accordingly, the burden first rested with Defendants to prove no genuine dispute as to whether Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were eligible to participate in the tip pool.  This required Defendants to establish that these employees' supervisory duties were merely incidental to their positions as hosts, wine stewards, or maître d's or that the employees held dual jobs and only received tips from the tip pool when performing tipped-employee duties.  Defendants also needed to establish that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were not "employers" within the meaning of the FLSA.  Defendants did not meet their burden.

In the Motion for Clarification, Defendants cite United States Department of Labor guidance suggesting that if an employee's non-tip-producing duties are incidental to the employee's tip-producing duties, "then the employer may take the tip credit for the time the employee spent on incidental duties so long as the incidental duties do not exceed 20 percent of the employee's overall duties."  Ash v. Sambodromo, LLC, 676 F. Supp. 2d 1360, 1366–67 (S.D. Fla. 2009) (citing Fast v. Applebee's Intern., Inc., 502 F. Supp. 2d 996, 1002 (W.D. Mo. 2007)).  Defendants then proceed to estimate how long it might take Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio to perform certain, limited managerial tasks and argue that such duties combined could not exceed the twenty-percent threshold.  Defendants did not, however, provide any evidence to establish the amount of time that these employees spent performing day-manager and/or supervisory duties or how such time compared to that spent performing their

4

other tipped-employee duties.  Therefore, a genuine issue remains as to whether the supervisory and/or day-manager duties occupied more than twenty percent of the employees' overall duties at Valentino.  Moreover, Plaintiff's Affidavit [DE 45-1] brings into question Defendants' claims that these employees were only paid from the tip pool when performing tipped-employee duties.

Second, while Defendants provided a substantial number of affidavits to prove that Stephan Cole, Kerry Fasanelli, Christian Licciardo, and Natina Rocchio were not employers within the meaning of the FLSA, Plaintiff's Notice of Suspension signed and provided to Plaintiff by Kerry Fasanelli and Christian Licciardo is persuasive evidence that at least some of the employees who participated in the tip pool exercised authority traditionally reserved for employers.  The Court does not decide whether any of the four employees were actually employers for purposes of the FLSA.  Rather, the Court simply affirms that a genuine issue of fact exists as to their status.   Accordingly, to the extent that Defendants seek reconsideration of Plaintiff's tip pool claims, the request is denied.

## IV.     CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Clarification, or in the Alternative, Motion for Reconsideration of the Court's Order Dated January 22, 2016 [DE 53] is **GRANTED in part** and **DENIED in part** as follows:

1. Summary judgment is hereby **GRANTED** in Defendants' favor with regard to Plaintiff's claim for wages related to opening and closing the restaurant.
2. Defendants' Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of February, 2016.

                                                                    JAMES I. COHN
                                                                    United States District Judge

Copies provided to:
Counsel of record via CM/ECF