UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61586-COHN/SELTZER

JANET HOLLOWAY,

    Plaintiff,

ROCCHIO TUNNEL MARKETPLACE
ENTERPRISES, LLC d/b/a VALENTINO
CUCINA ITALIANA, and GIOVANNI
ROCCHIO, individually,

    Defendants.
_____/

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S AMENDED JURY INSTRUCTIONS**

Defendants ROCCHIO TUNNEL MARKETPLACE ENTERPRISES, LLC d/b/a VALENTINO CUCINA ITALIANA ("Valentino") and GIOVANNI ROCCHIO ("Rocchio")(collectively, Valentino Defendants), hereby provide their memorandum in regard to their objection to the Jury Instructions and Verdict Form:

MEMORANDUM OF POINTS AND AUTHORITIES

I.    Introduction

Plaintiff asserts new jury instructions under the guise of complying with the direction of the Court when it permitted Plaintiff to submit a new verdict form on March 4, 2016. Like the heads of the hydra, as soon as one argument/position is slain, Plaintiff manufactures two new arguments/positions in its place. Now, Plaintiff has argued for the first time on the *first day of trial*, that she did not have proper notice for a tip pool; however, Plaintiff had previously stipulated and admitted to notice, and there is no special notice requirement which was not stipulated to under courts interpretation of the applicable statute. Plaintiff has further doubled-down on their attempt to extend New York state law to the Southern District of Florida, by misrepresenting Wajcman v.

Inv. Corp. of Palm Beach, Case No. 07-80912, 620 F. Supp. 2d 1353 (S.D. Fla. 2009). As described in greater detail below, Plaintiff's new arguments are a meritless "Hail Mary" on a case that is impossible to win under the law. While Defendants understand why Plaintiff is presenting whatever she can with only a veneer of authenticity, Defendants implore this Court to properly address the lack of legal merits to this matter prior to wrong law being presented to the jury.

## II.   Argument

1. Notice is not a relevant or applicable issue.

Plaintiff paints a picture where employers must recite particular five tenants of 29 U.S.C 203(m) to an employee under penalty of busting the tip pool. If this sounds unreasonable – it is because it is. At a mere glance, the legislation might suggest that there is some particularized notice requirement. Instead, a look at actual case law reveals that this interpretation has zero merit. An employee need only be informed that the tip pool is to be credited to the minimum wage. The notice requirement is merely that, "an employer must inform its employees of its intent to take a tip credit toward the employer's minimum wage obligation." Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294, 298 (6th Cir. 1998).

This is not a complex or difficult burden at all. In defining what is "proper notice" under the FLSA in regard to tip pools, this Court described:

> […] [T]he Court must address what is required for employees to be "informed by the employer of the provisions of this subsection," namely the tip credit provision. 29 U.S.C. § 203(m). Essentially, an employer must inform its employees that it intends to treat tips as satisfying part of the employer's minimum wage obligations. Kilgore v. Outback Steakhouse of Florida, Inc., 160 F.3d 294, 298 (6th Cir.1998). "Employers do not have to 'explain' the tip credit to employees, however; it is enough to 'inform' them of it." Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048(GEL), 2006 WL 851749, at *19 (S.D.N.Y.2006) (citing Kilgore, 160 F.3d at 298–300). To "inform" an employee requires less effort than it would to "explain" the tip credit to the employees. Kilgore, 160 F.3d 294, at 298. One court addressing skycaps in particular held that explaining to the plaintiffs that they would receive $2.13 per hour and the remainder of their pay would be in tips satisfied the notice

>requirement of 29 U.S.C. § 203(m). Hardwick v. Complete Skycap Servs., Inc., 04–CV–88 (D.Ariz.2005), aff'd, 2007 WL 2050867 (9th Cir. July 13, 2007). Department of Labor regulations explicitly require employers to post "a notice explaining the [FLSA minimum wage provisions]." 29 C.F.R. § 516.4. Because it would defy logic to require the display of inadequate information regarding the minimum wage and employer tip credit, a prominently displayed poster using language approved by the Department of Labor to explain 29 U.S.C. § 203(m) is sufficient notice.
>
>The Court follows Judge Patricia A. Seitz's decision in Thomas v. J.R. Eight, Inc. as it pertains to the sufficiency of tip credit notice. See No. 01–1067–CIV–SEITZ (S.D.Fla.2002) (D.E. No. 63). In Thomas, Judge Seitz ruled that verbal notice given to the plaintiff that he would be paid $2.13 plus tips, combined with a prominently displayed poster concerning the tip credit qualified as adequate notice and summary judgment was appropriate.

Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007) aff'd, 291 F. App'x 310 (11th Cir. 2008). See Garcia v. Koning Restaurants Int'l, L.C., No. 12-CV-23629, 2013 WL 8150984, at *6 (S.D. Fla. May 10, 2013); Martin v. Tango's Restaurant, Inc., 969 F.2d 1319, 1322 (1st Cir.1992); compare Bonham v. Copper Cellar Corp., 476 F. Supp. 98 (E.D. Tenn. 1979).

As noted by the undersigned, Plaintiff admitted to having notice of the tip pool arrangement during her entire employment. No additional notice was required other than knowledge of the tip pool arrangement, which was acknowledged, admitted, and *stipulated to*. More frustratingly, until 3:49 a.m. on the morning of trial, Defendants had expected that Plaintiff would keep her word about that being an admission. Plaintiff has again attempted to claw her fingers into a technicality that does not exist. Plaintiff's counsel have gone back on their word on the morning of trial to make an argument that legal review would reveal to be meritless. This is, at best, completely duplicitous, and at worst, intellectually dishonest.

2. <u>Wajcman and Salim; or, why I gave up and learned to love New York law.</u>

Plaintiff knows that it will never show that the proprietor-employers of Defendants skimmed the employees' tips. Thus, it is absolutely necessary for them to convince the Court and the Jury that, somehow, certain individuals break the tip pool by virtue of their responsibilities within Valentino's. This is a bastardization of the FLSA – which only bars employers dipping their fingers in the tip pool. There is *nothing* in the FLSA that bars managers from participating in a tip pool. There is no regulation that says this. There is no labor law letter. There is only one ambiguously drafted opinion in New York, <u>Chung v. New Silver Palace Rest.</u>, 246 F.Supp.2d 220, 229 (S.D.N.Y.2002)<u>.</u>

Plaintiff presents the Second Circuit Court of Appeals case, <u>Shahriar v. Smith & Wollensky Rest. Grp., Inc.</u>, 659 F.3d 234 (2d Cir. 2011) (again invoking New York law) stitched together with a quote from <u>Wajcman v. Investment Corp. of Palm Beach</u>, to resurrect the Frankenstein's monster of an argument that managers are employers.

If Plaintiff moves past the first page of the <u>Shahriar</u> decision, it would notice that <u>Shariar</u> does not really support it. This is even explicitly described in <u>Shahriar</u> when it describes the holdings of the New York cases interpreting N.Y. Labor Law § 196-d[1]:

> <u>Chan v. Triple 8 Palace, Inc.</u> *("Chan II"),* No. 03 Civ. 6048, 2006 WL 851749, at *16, 2006 U.S. Dist. LEXIS 15780, at *57 (S.D.N.Y. Mar. 31, 2006) (noting that plaintiffs may establish a violation of § 196–d by showing that they were required to share tips with individuals who were either "employers, owners, or managers" or simply "not waiters, busboys, or 'similar employees' "); *see also* <u>Ayres v. 127 Restaurant Corp</u>*.,* 12 F.Supp.2d 305, 307 n. 1 (S.D.N.Y.1998) ("While tip-pooling is not per se illegal, N.Y. Labor Law § 196–d prohibits any 'employer or his agent' from 'demand[ing] or accept[ing], directly or indirectly, any part of the gratuities, received by an employee, or retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee.' An employer 'includes any person acting directly or indirectly in the interest of an employer in relation to an employee.' 29 U.S.C. § 203(d)." (internal citation omitted; alternations in original)); <u>Tandoor Rest., Inc. v. Comm'r of Labor</u>*,* No. PR–82–85 (Industrial Bd.

---

[1] As described in

of App. Dec. 23, 1987) (finding that defendant restaurant violated § 196–d by requiring service employees to share tips with managers and with clerical and kitchen staff who did not engage in "any meaningful aspect of direct service to customers").

Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 240-41 (2d Cir. 2011). In Shahriar, the plaintiff was asserting that tips were being shared with a "'manager' whose primary duties included supervising employees, interviewing job applicants, disciplining employees, running daily pre-shift meetings for servers, and scheduling employees." Id. at 241. If this sounds familiar, it is because this is the exact same standard for whether someone is an "employer" as articulated Villareal v. Woodham, 113 F.3d 202, 205 (11th Cir.1997): Factors include whether the individual: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Rubio v. Fuji Sushi & Teppani, Inc., No. 6:11-CV-1753-ORL-37, 2013 WL 230216, at *5 (M.D. Fla. Jan. 22, 2013).

Similarly, Wajcman v. Investment Corp. of Palm Beach does not say what Plaintiff thinks it does. Though it contains a footnote that at first blush makes it look like someone designated a manager cannot participate in a tip pool – it instead relies on the premise that an employee manager *can* be an employer, not that managers *are* employers. This is a massive jump in logic. Attached, Defendants provide Wajcman's actual jury instructions. As what can be seen, they are not so broad as to suggest that managers *are* employers.

"[T]he designation 'employer' under the FLSA does not automatically accompany supervisory responsibility or the designation 'manager;' rather, to be an employer, an individual must "independently exercise control over the work situation."" Rudy v. Consolidated Restaurant Companies, Inc., 2010 WL 3565418 (N.D. Tex. 2010), *citing* Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir.1984). Rudy describes that whether someone is an employer, in the sense that they

5

cannot participate in a tip pool, is the identical analysis if they are an employer, in the sense that they would be liable under the FLSA for violations as an individual. Id. at 5. "[C]ourts generally reject the belief that a *low-level supervisor* of other employees can be individually liable." Id.; *citing* Baird v. Kessler, 172 F.Supp.2d 1305, 1311 (E.D.Cal.2001) (noting that "Congress could not have intended to hold individuals personally liable for alleged violations of the FLSA when those individuals cannot even control crucial aspects of the work environment such as when paychecks will issue, how many employees are necessary, and whether or not more employees could be hired"). "[T]he [Rudy][c]ourt conclude[d] that the maître d's were no more than low-level supervisors who were not responsible for FLSA compliance and thus were not employers under the FLSA.*"*

Defendants pray for the Court's patience and consideration of this issue. Defendants cannot stress enough how important that this determination is to the fairness of this tribunal that Plaintiff not be permitted to equate "manager" with "employer." Plaintiff has evidenced a clear intent to fool the jury on this issue, evidenced by their repeated attempts to argue that "managers" are categorically excluded as tip pool participants. Defendants do not seek to curtail the revelation of facts that would show that certain individuals who participated in the tip pool are *employers*. If they are, then Plaintiff certainly would have a reasonable argument that the tip pool is broken. This, however, is not a close call. The only method Plaintiff has to succeed is confusion and shenanigans in regard to the proper standard.

If there is any justiciable issue at all, it is whether certain participants in the tip pool are "employers." Plaintiff making hoopla about whether certain persons are managers or if certain activities are managerial has no benefit to the integrity of the FLSA or this Court.[2]

WHEREFORE, Valentino and Rocchio request that this Court not consider the Plaintiff's new argument regarding "notice" and the Plaintiff's jury instructions regarding "manager" as well as all other relief deemed just and proper.

Dated this Eighth day of March, 2016.

*/s/ Elizabeth O. Hueber*
Elizabeth Olivia Hueber
Florida Bar No. 0073061
Service@MagerParuas.com; Elizabeth@MagerParuas.com
MAGER PARUAS, LLC
2719 Hollywood Boulevard ▪ First Floor
Hollywood Florida 33020 • (954) 763-2800

---

[2] "Permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers. First of all, ruling in that manner would present a discovery nightmare. Of greater concern is the fact that under the reasoning proffered by Plaintiffs, nearly every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep the employee under perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts. The threshold issues are also unsolvable: for instance, how far from the curb could Plaintiffs even walk before they are too far to be considered tipped employees for that period? Plaintiffs already raise issue with how far they have to carry bags when they actually receive tips to handle such baggage."

Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1314 (S.D. Fla. 2007) aff'd, 291 F. App'x 310 (11th Cir. 2008).

CASE NO. 15-CV-61586-COHN/SELTZER

**CERTIFICATE OF SERVICE**

We hereby certify that this Motion was served by CM/ECF this eighth day of March 2016, on Jennifer Daley, Esq. and William Robert Amlong, Esq., AMLONG & AMLONG, P.A. 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154, jdaley@theamlongfirm.com and wramlong@theamlongfirm.com Attorneys for Plaintiff.

Counsel for Defendants

*/s/ Elizabeth O. Hueber*
Elizabeth Olivia Hueber
Florida Bar No. 0073061
Service@MagerParuas.com; Elizabeth@MagerParuas.com
MAGER PARUAS, LLC
2719 Hollywood Boulevard ▪ First Floor
Hollywood Florida 33020 • (954) 763-2800

BECKER & POLIAKOFF, P.A.
Jamie Dokovna, Esq. Jdokovna@bplegal.com
Fla. Bar No. 592722
Becker & Poliakoff, P.A.
625 N Flagler Dr. – 7th Floor
West Palm Beach, FL 33401-4025 ▪ (561) 655-5444