CASE NO. 15-CV-61586-COHN/SELTZER
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-61586-COHN/SELTZER

JANET HOLLOWAY,

    Plaintiff,

ROCCHIO TUNNEL MARKETPLACE
ENTERPRISES, LLC d/b/a VALENTINO
CUCINA ITALIANA, and GIOVANNI
ROCCHIO, individually,

    Defendants.
_____/

**DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
IN REGARD TO
ISSUES SURROUNDING REBUTTAL TESTIMONY BY DAVID RABEN**

Defendants ROCCHIO TUNNEL MARKETPLACE ENTERPRISES, LLC d/b/a VALENTINO CUCINA ITALIANA ("Valentino") and GIOVANNI ROCCHIO ("Rocchio") (collectively, Valentino Defendants) hereby provide this Court their supplemental briefing in regard to the inclusion of rebuttal testimony of David Raben, and in support thereof state:

MEMORANDUM OF POINTS AND AUTHORITIES

I.   Introduction

Witness tampering is a dire allegation. There is no doubt about it; however, a histrionic complaint need not necessitate dramatic action. The rules of evidence exist because it is not always easy to decipher what is relevant, important, and probative in the face of shocking and dramatic allegations (and facts). As described below, rebuttal testimony to show bias of David Raben is not permitted under the Rules of Evidence: it is improper collateral impeachment; is not

CASE NO. 15-CV-61586-COHN/SELTZER

proper rebuttal testimony; is hearsay, and is only intended to be prejudicial and has very limited actual probative value (if true).

## II.   Background

1. On March 9, 2016, third-party witness David Raben gave testimony in regard to statements made to server Raul Dumitru at a time when Mr. Raben, Mr. Rocchio, and Serge Sallaberry were having lunch on Capital Grill.

2. Counsel for Plaintiff Holloway presented an affidavit that they drafted for Mr. Dumitru which stated that these statements were instead statements from Mr. Rocchio to Mr. Dumitru.

3. Defendant Rocchio was completely surprised by these allegations, and asserts that no witness tampering occurred for various reasons which he is willing to proffer.

4. This Court – perhaps concerned about the severity of what appears to be witness tampering – permitted rebuttal testimony on behalf of Mr. Dumitru. Defendants assert that this is not appropriate for four reasons:

- First, collateral impeachment is improper;
- Second, the testimony is not about David Raben's bias and is an inappropriate rebuttal;
- Third, the matter is regarding hearsay statements allegedly made by Mr. Rocchio (a party opponent) to a third-party, David Raben, to Raul Dumitru; and
- The mere allegations are so prejudicial that it outweighs the actual facts in this matter.

## III.   Argument

**1. Who is Biased?**

Plaintiff Holloway seeks to call Raul Dumitru in order for him to show "bias." Plaintiff Holloway's counsel has stated that by giving a big tip to Dumitru, David Raben has evidenced his

2

bias. This has "bias" completely backwards. Hypothetically speaking, if true, such would show Dumitru's bias because he was somehow bribed by this money. Nothing about the story proferred by Dumitru goes to David Raben's bias.

Defendants recognize that permission to present rebuttal evidence is a matter that is to be considered within the sound discretion of this Court. United States v. Gold, 743 F.2d 800, 818 (11th Cir.1984). That being said, this Court's discretion is bound with the parameters that it must have a basis. United States v. Delk, 586 F.2d 513, 516 (5th Cir.1978) ("the purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the [a]dverse party").

Defendants assert that Plaintiff, as the opposing party, has not introduced evidence that would be rebutted by Defendants' witness, regarding an incident, brought up by Plaintiff's counsel, in cross examination. Defendants did not bring up anything about this completely separate alleged event. There is nothing introduced by Defendants to rebut. Without the basis of having anything introduced by Defendants to rebut, there is no basis for Plaintiff to rebut their own cross examination. Defendants assert that it would be reversible error as an abuse of discretion to permit Plaintiff to rebut itself.

**2. The Affidavit/Testimony at issue is hearsay.**

Defendants clarify that they are not referring to the affidavit at issue being hearsay, but instead, that this affidavit contain hearsay in the sense that this affidavit is attesting to a hearsay statement. The affidavit asserts that Mr. Raben told to Mr. Dumitru that Mr. Rocchio said that a tip was to show appreciation. Presuming that Mr. Dumitru makes this statement in open court, and Mr. Rocchio's statement is not hearsay being a "party opponent", there still remains the

statement allegedly made by Mr. Raben to Mr. Dumitru. There is nothing that Raben can say that will not be hearsay.

### 3. Bad acts are not a basis for rebuttal.

By bringing up an circumstance where Raben allegedly attempted to influence a witness, Plaintiff Holloway is seeking to introduce a 'bad act.' Evidence of bad acts are not admissible barring a legitimate basis for this evidence. Fed.R.Evid. 403. There is no legitimate basis to bring up these alleged bad acts without such an exception.

WHEREFORE, Valentino and Rocchio request that this Court not permit collateral impeachment/rebuttal testimony from Raul Dumitru.

Dated this tenth day of March, 2016.

*/s/ Elizabeth O. Hueber*
Elizabeth Olivia Hueber
Florida Bar No. 0073061
Service@MagerParuas.com; Elizabeth@MagerParuas.com
MAGER PARUAS, LLC
2719 Hollywood Boulevard ? First Floor
Hollywood Florida 33020 • (954) 763-2800

CASE NO. 15-CV-61586-COHN/SELTZER

## CERTIFICATE OF SERVICE

We hereby certify that this Motion was served by CM/ECF this tenth day of March 2016, on Jennifer Daley, Esq. and William Robert Amlong, Esq., AMLONG & AMLONG, P.A. 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301-1154, jdaley@theamlongfirm.com and wramlong@theamlongfirm.com Attorneys for Plaintiff.

Counsel for Defendants

*/s/ Elizabeth O. Hueber*
Elizabeth Olivia Hueber
Florida Bar No. 0073061
Service@MagerParuas.com; Elizabeth@MagerParuas.com
MAGER PARUAS, LLC
2719 Hollywood Boulevard ? First Floor
Hollywood Florida 33020 • (954) 763-2800

BECKER & POLIAKOFF, P.A.
Jamie Dokovna, Esq. Jdokovna@bplegal.com
Fla. Bar No. 592722
Becker & Poliakoff, P.A.
625 N Flagler Dr. – 7th Floor
West Palm Beach, FL 33401-4025 ? (561) 655-5444

5